UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL NO.: 6:03-CR-24-S KKC

UNITED STATES OF AMERICA,                                                                 PLAINTIFF,

v.                                   **OPINION & ORDER**

ROBERT KEITH ELLIS,                                                                        DEFENDANT.

This matter is before the Court on the second Pro Se Motion to Amend Presentence Report (Rec. No. 118) filed by the Defendant Robert Keith Glen Ellis.

Ellis filed his first such motion on January 31, 2007 (Rec. No. 114). In that motion, he stated that his presentence report erroneously indicated that he had an absconding charge in the state of Kentucky. He further explained that, as a result of that charge, the Bureau of Prisons ("BOP") had added three points to his custody level. He asked the court to correct his presentence report and to notify the BOP of the correction. The court denied that motion, explaining that it was unable to grant the relief Ellis requested (Rec. No. 117).

In his current motion, Ellis again asks this court to correct the error in his presentence report. Ellis also attaches a letter from an administrator at the Kentucky Department of Corrections stating that, after reviewing Ellis's file, the administrator could find to reference to his absconding parole supervision. This court, however, remains unable to grant Ellis the relief he requests.

Under Federal Rule of Criminal Procedure 32(f)(1), a defendant must object to a presentence report within 14 days of receiving it. Ellis's objection to the report comes more than three years after he was sentenced. Rule 36 permits the court to correct a "clerical error" in the record. However, the

alleged error is not "clerical" within the meaning of Rule 36. The defendant may not proceed under this rule to correct substantive errors in a presentence report.

It is important to note that Ellis does not actually object to the sentence this court imposed. Instead, he appears to object to the terms and conditions of his confinement. If so, the proper avenue for him to pursue judicial relief is a 28 U.S.C. § 2241 habeas petition. A claim under 22 U.S.C. § 2241 must be brought in the district court where the prisoner is confined. Ellis is currently confined in Jesup, Georgia (Rec. No. 121). It is unclear the extent to which Ellis has sought relief from the appropriate officials at the BOP. If he has not pursued all possible channels with the BOP, the court against encourages him to do so.

For all these reasons, the court hereby ORDERS that Ellis's Motion to Amend Presentence Report (Rec. No. 118) is dismissed for lack of jurisdiction.

Dated this 31st day of October, 2007.

Signed By:
*Karen K. Caldwell*
**United States District Judge**